**WO**                                                                            SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Rick Wayne Valentini,                          No.   CV-23-00936-PHX-MTL (DMF)

                    Plaintiff,

v.                                             **ORDER**

David Shinn, et al.,

                    Defendants.

Plaintiff Rick Wayne Valentini, a frequent litigant[1] who was then confined in the Arizona State Prison Complex (ASPC)-Tucson, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2).  On October 16, 2023, Plaintiff filed a notice of change of address reflecting that he had been transferred to the ASPC-Yuma Complex (Doc. 6).  On November 13, 2023, the Court granted the Application but dismissed the Complaint for failure to state a claim (Doc. 7).  The Court granted Plaintiff leave to file an amended complaint within 30 days and informed Plaintiff that the Clerk would enter judgment of dismissal if Plaintiff failed to timely file an amended complaint.  (*Id.*)  A copy of the Order was mailed to Plaintiff at his former address at the ASPC-Tucson Complex.

On December 1, 2023, Plaintiff filed a notice of change of address reflecting that he had been transferred to ASPC-the Douglas Complex (Doc. 9).  On January 2, 2024, the Clerk of Court entered Judgment of dismissal after Plaintiff failed to file an amended

_____

[1] Plaintiff has filed at least nine actions in this Court.

complaint or a motion for extension of time (Doc. 10). On January 9, 2024, the copy of the Order mailed to Plaintiff at the ASPC-Tucson Complex was returned as "refused." (Doc. 11.) Neither the Court, nor the Clerk of Court, realized that the Court's Order dismissing Plaintiff's Complaint with leave to amend had never been mailed to the complex where he was confined.

On February 15, 2024, Plaintiff filed a notice of change of address reflecting that he had been transferred to the ASPC-Yuma Complex (Doc. 12) and on April 4, 2024, Plaintiff filed a notice of change of address reflecting that he had been transferred to the ASPC-Lewis Complex (Doc. 14). On April 30, 2024 and May 21, 2024, Plaintiff filed motions for status. (Docs. 15 and 16). In a November 4, 2024 Order, the Court granted Plaintiff's motions for status to the extent discussed therein, vacated entry of Judgment, and ordered this case reopened (Doc. 17). The Court also ordered a copy of the November 13, 2023 Order (Doc. 7) sent to Plaintiff and granted him 30 days in which to file an amended complaint curing the deficiencies identified in the November 13, 2023 Order. (Doc. 17.)

Plaintiff has filed a First Amended Complaint (Doc. 19). The Court will order Defendants Scott, Venalonzo, and Padilla to answer Count I (in part) and II of the First Amended Complaint and will dismiss the remaining Defendant without prejudice.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.     First Amended Complaint

In his two-count First Amended Complaint, Plaintiff alleges claims for violation of his religious free-exercise rights and the denial of basic necessities.  Plaintiff sues the following employees of the Arizona Department of Corrections, Rehabilitation, & Reentry (ADC) at ASPC-Eyman: Jane Scott, Director of Detentions; Correctional Officer (CO) IV John Mansfield; Chaplain John Venalonzo; and Kitchen Sergeant John Padilla.  Plaintiff seeks compensatory and punitive relief.

Plaintiff designates **Count I** as a claim for violation of his religious free-exercise rights.  He alleges the following:

On November 3, 2021, Plaintiff witnessed a rape in the East Unit of ASPC-Florence, which he reported to Sergeant Castelluchi.  From November 4, 2021, to January 2022, Plaintiff was housed in maximum custody and was not allowed to access his religious

property or conduct religious services in the recreation pen.  Plaintiff's repeated Inmate Letters to Defendants Scott and Venalonzo went unanswered.  Defendant Scott failed to conduct health and welfare checks of detention cells, which were a part of her job description, and Plaintiff was unable to speak with Scott in person.  Defendant Venalonzo failed to conduct weekly visits to detention inmates as outlined in Department Order 904, which prevented Plaintiff from being able to speak with him directly.  As a result of this conduct, Plaintiff was unable to access his religious materials for 53 days and was unable to celebrate a religious holiday, Yule, on December 21.

Plaintiff designates **Count II** as a claim for denial of basic necessities.  He alleges the following facts:

On July 12, 2022, Plaintiff was moved to "isolated segregation" in Special Management Unit I (SMU I) at "the Florence Complex."  (Doc. 19 at 5.)  Plaintiff informed Sergeant Pizano that he had a medical "no gluten" diet and showed Pizano his diet card. Pizano told Plaintiff that he would tell Defendant Padilla about Plaintiff's medical diet. Plaintiff also submitted an Inmate Letter to Defendant Padilla advising Padilla of his no-gluten diet.  Since then, Plaintiff received no meal on 27 occasions, and on 53 occasions, he received meals that contained bread, cake, cookies, crackers, and pasta, to which Plaintiff is "allergic."  (*Id.* at 6.)

Plaintiff submitted Inmate Letters to Defendants Scott and Padilla on July 14, 2022, August 13, 2022, August 18, 2022, September 21, 2022, and October 24, 2022.  Plaintiff did not receive responses to his Inmate Letters.

On August 9, 2022, CO Davis told Defendant Padilla about Plaintiff's diet issues, but nothing was done.  On August 16, 2022, CO Waliszewski called Defendant Padilla and informed him of Plaintiff's diet issues, but nothing was done.  On August 30, 2022, Lieutenant King "tried" to accuse Plaintiff of staging a hunger strike.

On September 17, 2022, CO Hall "spoke to Defendant Padilla about Plaintiff's diet sack," but nothing was done.

On October 27, 2022, Plaintiff spoke to "Mental Health," which called Defendant

1    Padilla, but nothing was done.

2         According to Plaintiff, Defendant Padilla is supposed to inspect all diet trays to

3    ensure they are correct and match the medical diet menu, which is created by a registered

4    dietician.  For 112 days, Defendant Padilla failed to inspect medical diets.  Defendants

5    Padilla and Scott also did not require Plaintiff to sign for his "diets." (*Id.* at 6.)  During the

6    112 days that Plaintiff was in SMU I, Defendant Scott did not perform any Health and

7    Safety walks to speak with inmates, so Plaintiff was unable to speak to her about his diet.

8         Plaintiff states that he is "in a great deal of pain in [his] lower back, hips, and knees,"

9    and that he "became very depressed and at times had suicidal thoughts." (*Id.*)  Plaintiff

10   also alleges that he lost 50 pounds, was dizzy and light-headed, and was unable to engage

11   in physical therapy or take medication that had to be taken with food.  (*Id.* at 4.)

12   **III.   Discussion**

13        To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants

14   (2) under color of state law (3) deprived him of federal rights, privileges or immunities and

15   (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir.

16   2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278,

17   1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury

18   as a result of the conduct of a particular defendant and he must allege an affirmative link

19   between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-

20   72, 377 (1976).

21        **A.    Mansfield**

22        Plaintiff sues CO IV Mansfield.  Plaintiff has alleged no facts against Mansfield.

23   Accordingly, Plaintiff fails to state a claim against Mansfield, and he will be dismissed.

24        **B.    Religious Exercise**

25        **1.    RLUIPA**

26        Plaintiff alleges violations of his religious exercise rights.  The Religious Land Use

27   and Institutionalized Persons Act (RLUIPA) prohibits the government from imposing a

28   substantial burden on the religious exercise of an institutionalized person unless the

government establishes that the burden furthers a "compelling governmental interest" and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1) - (2). Therefore, to state a claim under RLUIPA, a plaintiff must allege facts to support that government action substantially burdened the exercise of the plaintiff's religion without a compelling government interest and by the least restrictive means. *See Guam v. Guerrero*, 290 F.3d 1210, 1222 (9th Cir. 2002). "[A] 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005) (quotations omitted). Thus, an institutionalized person's religious exercise is substantially burdened "'where the state . . . denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his belief.'" *Id.*

The Supreme Court has held that "States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver." *Sossamon v. Texas*, 563 U.S. 277, 293 (2011). The Ninth Circuit has held that RLUIPA claims may proceed only for injunctive relief against defendants acting within their official capacities. *See Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (RLUIPA does not contemplate liability of government employees in individual capacity); *see also Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1114 (9th Cir. 2010) ("The Eleventh Amendment bars [a prisoner' s] suit for official-capacity damages under RLUIPA.").

Plaintiff only seeks compensatory and punitive relief regarding an alleged past violation, and not an ongoing violation of RLUIPA. For that reason, he fails to state a claim under RLUIPA. Accordingly, the First Amended Complaint will be dismissed to the extent that Plaintiff seeks relief under RLUIPA.

### 2. First Amendment

"Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). However,

free exercise rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *Id.* To state a First Amendment free exercise claim, a plaintiff must allege that a defendant, acting under color of state law, substantially burdened his religious practice without a justification reasonably related to legitimate penological interests. *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008); *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994); *Warsoldier*, 418 F.3d at 995 (citing *Thomas v. Rev. Bd. of the Ind. Emp. Sec. Div.*, 450 U.S. 707, 717-18 (1981) (pressure on exercise must be substantial)); *Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998) (same). The religious practice or exercise at issue must be rooted in sincerely held religious belief and not in "purely secular philosophical concerns." *Malik*, 16 F.3d at 333 (quoting *Callahan v. Woods,* 658 F.2d 679, 683 (9th Cir.1981) (internal quotation marks omitted).

Plaintiff alleges that for 53 days, he was denied access to his religious materials, and the ability to practice his religion on the recreation yard. He alleges that he sent multiple Inmate Letters to Defendants Scott and Venalonzo, who failed to respond. Plaintiff sufficiently alleges facts to support an inference that Scott and Venalonzo were informed of, but failed to address, Plaintiff's lack of access to his religious materials in violation of his First Amendment rights. Accordingly, Defendants Scott and Venalonzo will be required to answer Count I to the extent that Plaintiff asserts a First Amendment violation.

### C.    Basic Necessities

Plaintiff alleges the denial of basic necessities, namely, the failure to provide meals on a number of occasions, and the failure to provide gluten-free meals on many other occasions. To state an Eighth Amendment conditions-of-confinement claim, a plaintiff must meet a two-part test. "First, the alleged constitutional deprivation must be, objectively, sufficiently serious" such that the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted). Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate indifference to

inmate health or safety." *Id.* (internal quotations omitted).  Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Id.* at 835.  In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837 (emphasis added).

Plaintiff alleges that over 112 days, he received no meal on 27 occasions and failed to receive gluten-free meals on 53 occasions. He also alleges that he lost 50 pounds, suffered dizziness and light-headedness, and was unable to take medications with food.  He further alleges that he repeatedly sent Inmate Letters and messages via other staff to Defendant Padilla, but Padilla failed to respond to the messages or ensure that Plaintiff received gluten-free meals. Plaintiff sufficiently states an Eighth Amendment claim for denial of basic necessities.  Defendant Padilla will be required to respond to Count II.

**IV.    Warnings**

**A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Because Plaintiff is currently confined in an Arizona Department of Corrections, Rehabilitation & Reentry Complex or Private Facility subject to General Order 23-19,

Plaintiff can comply with Federal Rule of Civil Procedure 5(d) by including, with every document Plaintiff files, a certificate of service stating that this case is subject to General Order 23-19 and indicating the date the document was delivered to prison officials for filing with the Court. Plaintiff is not required serve Defendants with copies of every document or provide an additional copy of every document for the Court's use.

**If** Plaintiff is transferred to a facility other than one subject to General Order 23-19, Plaintiff will be required to: (a) serve Defendants, or counsel if an appearance has been entered, a copy of every document Plaintiff files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Defendant Mansfield and Count I (in part) are **dismissed** without prejudice.

(2)     If Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be filed on the court-approved form and retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

(3)     Defendants Scott, Venalonzo, and Padilla must answer Count I (in part) and II.

(4)     The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Scott, Venalonzo, and Padilla.

(5)    Plaintiff must complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendants within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(7)    The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(8)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.

(9)    If a Defendant agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(10)    The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)    personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal

---

[2] If a Defendant is an officer or employee of the Arizona Department of Corrections, Rehabilitation & Reentry, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections, Rehabilitation & Reentry unless the officer or employee works there.

Rules of Civil Procedure; and

(b)    within 10 days after personal service is effected, file the return of service for Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11)    Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)    Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13)    This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 7th day of April, 2025.

_Michael T. Liburdi_

Michael T. Liburdi
United States District Judge