**WO**                                                                                     KAB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rick Valentini, | Nos. CV-23-00936-PHX-MTL (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| David Shinn, et al., | |
| Defendants. | |

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Defendants move to consolidate this action, CV 23-00936-PHX-MTL-DMF (hereinafter the Phoenix action) with CV 23-00323-TUC-SHR (hereinafter the Tucson action) (Doc. 28.)

**I.    Background**

   **A.    The Phoenix Action**

On screening the Phoenix action pursuant to 28 U.S.C. § 1915A(a), the Court found that Plaintiff stated First Amendment claims against Defendants Scott and Venalonzo and an Eighth Amendment claim based on denial of basic necessities against Defendant Padilla based on the following allegations.  (Doc. 22.)

Between November 4, 2021 and January 2022, while housed in maximum custody, Plaintiff was not allowed to access his religious property or conduct religious services in the recreation pen.  Plaintiff's repeated Inmate Letters to Defendants Scott and Venalonzo went unanswered.  Defendant Scott failed to conduct health and welfare checks of detention cells, which were a part of her job description, and Plaintiff was unable to speak

with Scott in person. Defendant Venalonzo failed to conduct weekly visits to detention inmates as outlined in Department Order 904, which prevented Plaintiff from being able to speak with him directly. As a result of this conduct, Plaintiff was unable to access his religious materials for 53 days and was unable to celebrate a religious holiday, Yule, on December 21.

On July 12, 2022, Plaintiff was moved to "isolated segregation" in Special Management Unit I (SMU I) at the Florence Complex. Although Plaintiff was issued a diet card for a gluten-free diet and informed Defendant Padilla that he needed a medical diet, Plaintiff received no meal on 27 occasions and, on 53 occasions, he received meals that contained bread, cake, cookies, crackers, and pasta, to which Plaintiff is "allergic" because, for 112 days, Defendant Padilla failed to inspect medical diets. As a result, Plaintiff lost 50 pounds, was dizzy and light-headed, and was unable to engage in physical therapy or take medication that had to be taken with food.

On June 5, 2025, a Scheduling Order issued in the Phoenix action (Doc. 27).

### B.     The Tucson Action

On screening the Tucson action pursuant to 28 U.S.C. § 1915A(a), the Court found that Plaintiff sufficiently alleged that Defendant Ware substantially burdened Plaintiff's religious rights under RLUIPA and the First Amendment based on the following allegations. (Doc. 21.)

In early 2023, Plaintiff received approval from Chaplain Venalonzo to purchase 18 religious books, a deck of vintage Tarot cards, 30 religious magazines, a set of wooden runes, and a set of correspondence courses to study to become a high priest as a method of practicing his Wicca religion. After completing the required paperwork, which was reviewed by Correctional Officer III Noel and Deputy Warden Martinez, the items were ordered and $750 was deducted from Plaintiff's inmate trust account to pay the three ADC-approved vendors for the items.

On April 4, 2023, the ordered items arrived at the Tucson Complex Mail and Property Room, and CO II Dunn seized the items on orders from Defendant Ware because

Ware had declared Wicca was "detrimental to the safe, secure, and orderly operation of the facility" despite Department Order 904 specifically providing Wiccans were allowed to possess religious books, magazines, divinatory items, and correspondence courses sacred to their religion. Chaplain Venalonzo admitted Defendant Ware had seized the ordered items because, as a Roman Catholic, he regarded Wiccans as devil-worshipers because they believed God was a woman and anything pertaining to women was from the devil. On July 17, 2023, CO II Moreno informed Plaintiff all his ordered religious items had been destroyed on orders of Defendant Ware.

No Scheduling Order has been issued in the Tucson action.

**II.     Discussion**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "if actions before the court involve a common question of law or fact, the court may" "join for hearing or trial any or all matters at issue in the actions," "consolidate the actions," or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P 42(a)(1)-(3). The court has broad discretion to determine whether consolidation is appropriate. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

Defendants assert that the Phoenix and Tucson actions should be consolidated because both cases relate to Plaintiff's religious Wicca practice, involved the confiscation or destruction of religious property by employees of the Arizona Department of Corrections, Rehabilitation, and Reentry (ADCRR), and both cases have a First Amendment claim. Defendants further assert that Venalonzo is a Defendant in one case and a witness in another.

Aside from Defendant Venalonzo being a witness in one case and a Defendant in another, the cases are not sufficiently similar to justify consolidation. Rather, the cases involve entirely separate events and Defendants and occurred at entirely different times and locations. Consolidating these cases would not result in judicial convenience, but would rather risk confusion regarding entirely separate claims. *See, e.g.*, *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003) ("To

1  determine whether to consolidate, a court weighs the interest in judicial convenience
2  against the potential for delay, confusion, and prejudice caused by consolidation.").
3  Accordingly, Defendants' Motion to Consolidate will be denied.[*]

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Consolidate (Doc. 28).

(2) Defendants' Motion to Consolidate (Doc. 28) is **denied**.

(3) The Clerk of the Court must file a copy of this Order in CV 23-00323-TUC-SHR.

Dated this 22nd day of October, 2025.

Michael T. Liburdi
United States District Judge

---

[*] This decision does not preclude Defendant from seeking transfer of the cases to a single judge to determine whether limited discovery, such as the deposition of Venalonzo, could be coordinated to encompass both actions. *See* LRCiv. 42.1(a)(5); Fed. R. Civ. P. 42(a)(3).